UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRENT TAYLOR,<br><br>        Plaintiff,<br><br>        v.<br><br>DAVID J. GLADIEUX,<br><br>        Defendant. | CAUSE NO. 1:20-CV-477-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to Amend Complaint [ECF No. 95], filed on March 31, 2022. Brent Taylor, a prisoner without a lawyer, is proceeding in this case "against Sheriff David Gladieux in his official capacity for compensatory and punitive damages for implementing a policy at the Allen County Jail to not have a system of cleaning the protective custody units that resulted in skin irritation and rashes in violation of the Fourteenth Amendment" and "against Sheriff David Gladieux in his official capacity for compensatory and punitive damages for breaching the duty of care to maintain the jail in a reasonably sanitary condition, resulting in skin irritation and rashes in violation of state law." Sept. 1, 2021 Op. & Order 9–10, ECF No. 54. Now, he moves to file an amended complaint and attaches a proposed amended complaint for the Court's review.

**DISCUSSION**

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Mach. Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory

motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The official capacity claim under 42 U.S.C. § 1983 against Sheriff Gladieux is unchanged by the amended complaint. As detailed in the Court's prior screening order:

> Taylor alleges that there is no system for cleaning the protective custody units, unlike in the general population where inmate trustees are assigned to clean the living areas. As a result of the lack of an established cleaning procedure, the cells and the living areas fell below a minimal level of cleanliness, causing him skin rashes and irritation.

Sept. 1, 2021 Op. & Order 5–6. Mr. Taylor's factual allegations as they relate to this claim are not substantively different in the amended complaint.

The first issue regarding the amended complaint is whether Taylor also alleges individual capacity claims against any of the defendants for the unsanitary conditions in the protective custody units at the jail. To hold a defendant individually liable, the complaint needs to allege personal involvement in the alleged constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no supervisory liability under § 1983, which means a plaintiff must explain how the defendant had a part in the alleged constitutional violation beyond simply supervising the employees at fault. *See J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020). Here, Taylor sues several defendants on the basis of letters and grievances he sent them without explaining their individual roles in denying him adequate cleaning supplies. He alleges he sent correspondence to Sheriff Gladieux, Jail Commander David Butler, Allen County Commissioner Richard E. Beck, Jr., State Jail Inspector Chance Sweat, Lieutenant Vachan, Sergeant Hack,

Corporal Myers, Corporal Apps, and Sergeant Wacasey. This scattershot approach is ineffective.

As the Seventh Circuit has explained in the context of an inmate seeking medical care:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595.

Taylor forgoes identifying the individual officers who were supposed to provide him cleaning supplies and instead blames the higher-ups for not ensuring custody staff were doing their job. He was told in the first screening order of the necessity of alleging a defendant's personal involvement:

> But in order for a defendant to be held individually liable under § 1983, that defendant must have "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). The complaint contains no indication that Gladieux was aware of the conditions in the holding cell. Taylor alleges that he "asked several correctional officers for cleaning supplies" and he used the intercom in his cell to ask "central command for cleaning supplies." ECF 35 at 9–10. None of this provides a basis to infer that Gladieux was personally involved in the conditions of the cell or in the denial of cleaning supplies. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Therefore, the complaint does not state a claim against Gladieux in his individual capacity for the condition of the holding cell.

Sept. 1, 2021 Op. & Order 2. In the amended complaint, Taylor does not allege how any of the named defendants were responsible for giving him cleaning supplies, as opposed to ensuring that

other people were doing their jobs. The complaint does not state an individual capacity claim against any of them.

Additionally, Taylor seeks to sue Richard Beck, in his official capacity as a member of the Allen County Board of Commissioners, for not providing a safe, habitable jail with working amenities for basic living in violation of state law. In particular, Taylor alleges problems with the toilets such that the toilets would often not flush or would overflow. ECF No. 95-1 at 9. He alleges he went weeks without access to a working toilet in his cell. ECF No. 95-1 at 9–10. He claims these plumbing issues are a breach of the Allen County Commissioners' duty to "maintain a . . . county jail." Ind. Code § 36-2-2-24.

Under Indiana law, the duties of establishing and then running a county jail are split between the county sheriff and the county. Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356–57 (Ind. Ct. App. 1994).

> [T]he statutory duties of a county and a sheriff, respectively, are set forth as follows: "The executive shall establish and maintain a . . . county jail . . . ." Ind. Code § 36-2-2-24. "The sheriff shall . . . take care of the county jail and the prisoners there." Ind. Code § 36-2-13-5(a)(7). We concluded that a county's duty to "maintain" its jail is a duty to keep the jail open for use and in good repair. *Weatherholt*, 639 N.E.2d at 356. The statute does not impose a duty upon a county to administer its jail. Rather, it is the sheriff who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates. *Id.* Thus, we held that once the county establishes and then reasonably maintains the jail, it is not responsible for administering the manner of an inmate's incarceration. *Id.*

*Donahue v. St. Joseph Cty. ex rel. Bd. of Comm'rs of St. Joseph Cty.*, 720 N.E.2d 1236, 1240 (Ind. Ct. App. 1999). Taylor's complaints about the inadequate plumbing implicate the county's duty to keep the jail in good repair. However, the Court declines to exercise jurisdiction over this potential state-law claim.

Federal courts are courts of limited jurisdiction, which means that there are specific requirements that must exist before a federal court may hear a claim. *Hart v. FedEx Ground*

*Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). To fall under federal jurisdiction, a claim must either be based on a federal question, 28 U.S.C. § 1331, fall under diversity jurisdiction, 28 U.S.C. § 1332, or qualify under supplemental jurisdiction, 28 U.S.C. § 1367. This is a state-law claim between citizens of Indiana, so the only possible basis for federal jurisdiction is supplemental jurisdiction. Supplemental jurisdiction allows a federal court to exercise jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). This requires only a "loose factual connection between the claims." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 615 (7th Cir. 2007) (citation omitted). However, a court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

Here, the claim that provides the Court with jurisdiction is a § 1983 claim that the jail had an insufficient policy to clean the protective custody units, resulting in those units falling below a constitutionally permissible level of cleanliness and leading to skin irritation and other injuries to Taylor. The state-law negligence claim against the sheriff is based on the same facts underlying the § 1983 claim—that he breached his duty to "take care" of the prisoners by not ensuring his employees adequately cleaned the protective custody units. A claim that the commissioner breached his duty to keep the plumbing in good repair is loosely related to the general conditions of the jail but involves different considerations concerning the extent of the commissioners' duty

5

and how that duty may be discharged. These additional considerations make it inappropriate for the Court to exercise jurisdiction over this state-law claim against a unit of state government.

The extent of the Board of Commissioners' duty to maintain the jail has not been defined in Indiana state court. Unlike the statutory duties of a sheriff towards the inmates, the boundaries of the Board of Commissioners' affirmative duty to maintain the jail have not been the decided by an Indiana court. *Cf. Weatherholt*, 639 N.E.2d at 356 (concluding sheriff, not county, owed duty of care to jail inmate who was injured after he was denied a bottom bunk permit because "inmate's request for particular accommodations is not within the statutory authority nor the responsibility of a county"); *Donahue*, 720 N.E.2d at 1240–41 (concluding county had no duty of care towards arrestee who was allegedly injured at the hands of jail employees). The court is mindful of the Seventh Circuit's admonition to be wary of exerting jurisdiction over matters of state law:

> Our case presents several novel issues under Indiana law, and such contentions presumptively belong in state court—especially when a unit of state government is a defendant. How far state law exposes state and local agencies to liability is a delicate question that federal judges should hesitate to tackle.

*Myers v. County of Lake*, 30 F.3d 847, 849 (7th Cir. 1994). Without clear guidance from Indiana courts about the scope of the county's duty to jail inmates, this is a matter best left to the state courts.

The claims against Sheriff Galdieux are unchanged, and the complaint does not plausibly allege individual capacity claims against the additional defendants. Further, if the amendment were permitted, the Court would decline to extend supplement jurisdiction over the novel state-law claim against the county. Therefore, it would be futile to allow the amended complaint.

## CONCLUSION

For the forgoing reasons, the Court DENIES the Motion for Leave to Amend Complaint [ECF No. 95].

SO ORDERED on May 12, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
