### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

BRENT TAYLOR,

       Plaintiff,

        v.                             CAUSE NO.: 1:20-CV-477-TLS-SLC

DAVID J. GLADIEUX,

       Defendant.

**OPINION AND ORDER**

Brent Taylor, a prisoner without a lawyer, filed an Objection [ECF No. 184] to the order [ECF No. 180] entered by United Stated Magistrate Judge Susan L. Collins denying a motion for leave to serve additional interrogatories and a motion for copies. If a party files an objection to an order entered by a magistrate judge, the presiding district judge will consider it and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

Taylor proceeds in this case on a Fourteenth Amendment claim against Sheriff David Gladieux in his official capacity for implementing a policy at the Allen County Jail to not have a system of cleaning the protective custody units that resulted in skin irritation and rashes. ECF No. 54. He also proceeds on a State law claim against Sheriff David Gladieux in his official capacity for breaching the duty of care to maintain the jail in a reasonably sanitary condition,

resulting in skin irritation and rashes. *Id.* His claims relate to his time in protective custody in L

Block and M Block at the Allen County Jail from approximately March 2020 to June 2021. *Id.*

On August 7, 2023, Taylor filed a motion for leave to serve interrogatories in excess of

the 25 interrogatories per party authorized by the Federal Rules of Civil Procedure. ECF No.

174. On August 25, 2023, Taylor filed a motion for copies or inspection of various filings in

*Morris v. Sheriff of Allen County*, 1:20-cv-34 (N.D. Ind. filed Jan. 21, 2020). ECF No. 177. On

September 15, 2023, Judge Collins denied the motion for leave to serve additional

interrogatories, reasoning that the requested information relating to the medical conditions of

other detainees was not materially relevant to Taylor's claims and was disproportionate to the

needs of this case. ECF No. 180. Judge Collins further declined to send the *Morris* filings to

Taylor for inspection or to provide him with copies free of charge. *Id.*

Judge Collins did not err in denying leave to serve additional interrogatories. The

following interrogatories proposed by Taylor are illustrative.

> **Interrogatory No. 5:** Identify all documents which contain information regarding
> the treatment of mental health of all individuals incarcerated at the ACJ, who
> were housed in the protective custody units during the material times of Taylor's
> complaint.

> **Interrogatory No. 7:** Identify all documents which contains information
> regarding the treatment of mental health of all individuals incarcerated at the ACJ,
> who were housed in the general custody units during the material times of
> Taylor's complaint.[1]

ECF No. 174-1 at 8–9.

There is no indication that that the mental health of other detainees are at issue in this

case. Even if it was, the sheer quantity of mental health records for substantially all of the

---

[1] The Court acknowledges that these particular discovery requests more closely resemble requests for
production rather than interrogatories. However, the Court's concerns rest with the information requested
rather than the form of the request, so the Court adopts Taylor's characterization of the discovery requests
as "interrogatories" for the sake of consistency.

detainees housed at the Allen County Jail between March 2020 and June 2021 would be wildly disproportionate to the needs of this case considering the number of parties and the scope of the claims. *See Morris v. Sheriff of Allen Cnty.*, 2022 WL 971098, at *4 (N.D. Ind. 2022) ("The jail's population has exceeded its 732 total bed capacity since at least 2016."). Additionally, the sensitive subject matter of mental health records clearly raises concerns regarding the non-party detainees' medical privacy and may also raise concerns regarding the safety of those detainees, particularly if they remain incarcerated, and the security of the correctional facilities where they might be housed.

Judge Collins also did not err in denying the motion for copies or inspection. While court records are generally open to the public, the Court's policy is to charge a copying fee of fifty cents per page. Letter, ECF No. 113. Though Taylor might qualify for in forma pauperis status,[2] this status would not exempt him from the Court's copying fee. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent pro se prisoner had no "constitutional entitlement to subsidy . . . to prosecute a civil suit"); *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs.").

In the Objection, Taylor cites *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), for the proposition that there is "a general right to inspect and copy public records and documents, including judicial records and documents." However, *Nixon* does not suggest that individuals have a right to copies of public records free of charge. *See* 435 U.S. at 598 ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute."). Taylor

---

[2] The Court has not granted Taylor *in forma pauperis* status in this case. However, this case was removed from the Allen Superior Court after that court granted his motion to waive the filing fee. ECF No. 1-1 at 7–9.

3

attempts to draw a distinction between sending him copies for him to keep and sending him filings for him to inspect and to return to the Court, but the vast majority of filings, including those Taylor seeks, are stored electronically. Consequently, to allow Taylor the opportunity to inspect filings and return them, the Court would be required to make physical copies of the filings for Taylor's inspection, and the postage fee necessary to return these copies, for which the Court has no need, would pose yet an additional expense.

Taylor also argues that a provision of 28 U.S.C. § 753(b) entitles him to free copies. That provision reads, "The original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge." However, the context of this statute as a whole indicates that the notes and records referenced in the provision are those used by the court reporter in preparing a transcript of a hearing or trial. Additionally, the plain language of the provision allows individuals to inspect the notes and records within the physical confines of the clerk's office during office hours; it does not require the Court to provide copies of notes and records or to deliver them by mail free of charge.

Finally, Taylor cites *United States ex. rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1219 (7th Cir. 1980), for the proposition that the Court should send him filings to inspect and return to the Court. This case is inapplicable to Taylor's request for filings from a civil case in which he is not a party. In *Davidson*, Davidson requested the court record for his federal criminal proceedings for the purpose of preparing a challenge to his conviction under 28 U.S.C. § 2255. 618 F.2d at 1216. This request predated the federal courts' wholesale implementation of electronic filing. *See Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1344 (Fed. Cir. 2020) ([T]he Judicial Conference, in 1988, first authorized an experimental program of electronic access for the public to court information."). Consequently, the district court in

*Davidson* did not need to create physical copies in order to send the court record to Davidson for his inspection at the federal prison at which he resided.

Further, the requested records pertaining to Davidson's criminal proceedings were inarguably material to preparing a challenge to the conviction pursuant to those proceedings. *See* 28 U.S.C. § 2255 (allowing federal prisoners to argue that "the sentence was imposed in violation of the Constitution or laws of the United States."). By contrast, while the *Morris* filings might bear some relevance to Taylor's claims, they are not themselves the subject of Taylor's claims, and prevailing on Taylor's claims does not inherently require reference to *Morris* or to any of the filings in *Morris*. Significantly, the reasoning of *Davidson* relied on *Rush v. United States*, 559 F.2d 455, 459–60 (7th Cir. 1977), in which the Seventh Circuit held that "requests for the pre-existing record in the underlying criminal proceeding should be granted as of right by the district courts to prisoners seeking to use the record to prepare a collateral attack on their conviction."

In sum, Taylor has not demonstrated that Judge Collins' rulings on the motion for additional interrogatories and the motion for copies or inspection were clearly erroneous or contrary to law. For these reasons, the Court OVERRULES the Objection [ECF No. 184] to the order denying the motion for additional interrogatories and the motion for copies or inspection.

SO ORDERED on November 13, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT