UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRENT TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:20-cv-00477-HAB-SLC |
| DAVID J. GLADIEUX, *Sheriff*, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court in this prisoner's civil rights action is a motion for discovery sanctions under Federal Rule of Civil Procedure 37, filed by incarcerated Plaintiff Brent Taylor, via counsel, alleging that Defendant David J. Gladieux failed to produce relevant medical records in response to Taylor's discovery request. (*See* ECF 221 at ¶¶ 2-11).[1] Gladieux timely opposed the motion. (*See* ECF 225). Taylor did not file a reply brief, and his time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3). Therefore, the motion is ripe for adjudication. For the following reasons, Taylor's motion for sanctions will be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Taylor, who was proceeding *pro se* at the time, filed a complaint in Allen Superior Court on November 13, 2020, which was timely removed to this Court. (*See* ECF 1, 2).[2] Taylor's complaint raises issues of improper confinement, triggering alleged constitutional violations.

---

[1] Taylor does not specify what type of sanctions he seeks against Defendant or which subsection of Rule 37 he is proceeding under in filing this motion.

[2] Taylor proceeded *pro se* in this action from his filing date, November 13, 2020, through October 10, 2024, when Court-recruited counsel appeared on his behalf. (*See* ECF 210, 211).

(*See* ECF 2 ¶ 4). After the Court granted a discovery extension, the Court set a final discovery deadline of November 6, 2023. (*See* ECF 71, 168, 180).

On January 14, 2025, Taylor, by way of counsel, filed a motion with the Court requesting discovery sanctions pursuant to Federal Rule of Civil Procedure 37 against Defendant Gladieux. (*See* ECF 221).[3] The gist of Taylor's argument is that Gladieux failed to disclose medical records that would have added substantive value to Taylor's case. (*See generally* ECF 221). In detail, Taylor avers that his counsel recently appeared in this matter and relied on defense counsel's statement that the medical records in the case could be found in the docket at ECF 171-2. (*See* ECF 221 ¶¶ 1-2; *see also* ECF 211). Taylor alleges that his counsel then informed this Court, during a November 7, 2024, status conference, that she suspected the medical records on file were deficient. (*See* ECF 221 ¶ 4). Subsequently, defense counsel suggested that Taylor contact Quality Correctional Care ("QCC") for the medical records, prompting Taylor to issue a subpoena to QCC. (*See id.* ¶¶ 5-6).

Taylor also issued a subpoena to the Indiana State Prison ("ISP") for his medical records, and ISP responded by producing 427 pages of medical records. (*Id.* ¶¶ 7-8). Taylor seizes on the sizable difference in page quantity and substantive content between the medical evidence that was on file (ECF 171-2) and what was produced by the ISP in response to the subpoena. (*See* ECF 221 ¶ 9). Taylor asserts that the previous medical records, totaling 86 pages, "are not medical records at all but rather appear to be some computer-generated summary form that refers to certain, but not nearly all of [his] medical treatment . . . , as opposed to the medical records

---

[3] The referral to the undersigned Magistrate Judge was terminated on January 30, 2024, after the discovery period closed, but was reinstated on January 27, 2025, for purposes of ruling on the instant motion. (*See* ECF 195, 221, 224).

2

contained in the 427 pages of medical treatment" provided by the ISP.[4] (*Id.* ¶ 10.c; *see id.* ¶ 8). Taylor draws a qualitative distinction in the medical records provided by the ISP, noting they include the following:

> [I]nterview notes, signed releases for certain medications, interview forms, patient history including, education, family history, etc., and repeatedly detail the medical diagnosis, the medications prescribed and the side effects related thereto, consent for treatment, numerous request[s] for medical treatment, vaccinations, laboratory results, request to speak with mental health professionals, and the name o[r] signature of the treating health care professionals.

(*Id.* ¶ 10.e). Moreover, Taylor indicates that there is new information regarding his conditions discovered through the 427-page medical record, including: hypertension, heart problems, food allergies, dehydration due to denial of drinking water for three days, missed medications, eye infections, legal blindness, and that he was without glasses or contacts for more than three months after having an eye exam and being fitted for glasses. (*See id.* ¶ 10.f). Taylor asserts that the 427-page medical record appears to cover, mostly, the same period as the 86-page medical record. (*See id.* ¶ 9.b).

Defendant counters that Taylor's argument is improper because Taylor never provided Defendant the alleged 427-page medical record for Defendant's examination. (*See* ECF 225 at 5). Further, Defendant calls into question the time scope of the respective records, noting "Taylor was incarcerated in the Allen County Jail from his arrest in March 2020 until his transfer to the Indiana Department of Correction in June 2021. He has been incarcerated in the Department of Corrections since June 2021." (*Id.*). Defendant also disputes Taylor's accusation that no patient

---

[4] Taylor indicates that the responses to his *pro se* discovery requests are deficient as there are "no Release forms, no Subjective Interview Forms, [n]o Patient Request Forms, no Education Forms, no Patient History Forms, no laboratory results, and no Custom Flows. In addition, the summary forms include no doctor/physicians' notes, no diagnosis and no mention of the conditions for which the medications are prescribed." (ECF 221 ¶ 10.d).

request forms, among other documents, were provided by Defendant—given that several can be found in the medical records provided by Defendant. (*See id*.; *see e.g.,* ECF 171-2 at 59, 61, 75). Defendant also disputes the timeliness of Taylor's motion. (*See* ECF 225 at 3-4).

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(3)(B) provides, in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As to types of sanctions, when a discovery order is disobeyed, Rule 37(b) provides that sanction may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part:

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

        (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
        (B) may inform the jury of the party's failure; and
        (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

### III. ANALYSIS

Defendant disputes the timeliness of Taylor's motion, given that discovery closed fourteen months before the motion was filed and eighteen months after his receipt of the allegedly deficient medical records. (*See* ECF 225 at 3-4). But in doing so, Defendant concedes that there is no Seventh Circuit precedent affirmatively posing a deadline on discovery sanctions. (*See id.*). Defendant relies, in part, on a Seventh Circuit case, *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001), in which the district court denied a motion to compel discovery filed after the close of discovery and after the defendants had filed a summary judgment motion. (*See* ECF 225 at 3 (citing *Packman*, 267 F.3d at 647)). Yet, *Packman* is not exactly congruent with the current matter, as *Packman* involved a motion to compel discovery, not a motion for sanctions as Taylor seeks here, and the district court judge in *Packman* had specifically cautioned the parties about filing after the discovery deadline. *See Packman*, 267 F.3d at 636. Because "[d]istrict courts have broad discretion in discovery matters," *id.* at 646, the Court will not deny Taylor's motion on untimeliness alone, but instead will decide, in its own prerogative, whether sanctions are appropriate here. *See id.* at 647.

At the outset, the Court observes that Taylor did not file a motion to compel this medical documentation before filing the instant motion for sanctions.[5] Although Taylor was proceeding

---

[5] To be sure, Taylor has filed a few motions to compel in this case, but none seem to have targeted the medical documentation in question and neither of the parties have mentioned a motion to compel on this matter in their briefs. (*See* ECF 74, 83, 169). And while Taylor argues that he and his counsel have "made numerous requests for

5

*pro se* at the time Defendant produced the medical records, that fact should not have prevented him from discerning that the medical records produced by Defendant (ECF 171-2) were incomplete, given that Taylor has personal knowledge of the medical care that he received.

Although not necessarily required, a plaintiff should first file a motion to compel regarding the discovery in question before turning to sanctions as a remedy. *See Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992) ("Rule 37(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action or proceeding when a litigant fails to obey a court order directing discovery."); *see also Evans v. Griffin*, 932 F.3d 1043, 1046 (7th Cir. 2019) ("A party lays the predicate for Rule 37(b) sanctions by filing a motion under Rule 37(a) seeking 'an order compelling disclosure or discovery.'" (citing Fed. R. Civ. P. 37(a)(1)); *cf. Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984) (finding that where a party has notice that it is obligated to provide discovery, this notice qualifies as an alternative to a court order under Rule 37(b)); s*ee generally Moralis v. Flageole*, No. 06 C 2034, 2007 WL 2893652, at *3 (C.D. Ill. Sept. 28, 2007) ("[P]ro se litigants are presumed to have full knowledge of applicable court rules and proceedings."). Having said that, "[i]n general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *Tamari*, 729 F.2d at 472.

The Court has entered scheduling orders in this matter, directing the parties to conduct discovery, but that alone does not amount to notice that Defendant was ordered to provide the medical information which Taylor mentions. (*See* ECF 71, 142, 147, 168, 180). Form orders used by a district court "serve perfectly well as case-management and scheduling orders, but they

---

the complete medical records . . . to no avail[,]" no citation to these requests are indicated as a guide to the Court. (ECF 221 at 6).

are a far cry from the targeted order requiring compliance with a particular discovery request contemplated by Rule 37(a)." *Evans*, 932 F.3d at 1046. Also, Taylor did not file the medical documents he received from the ISP in accordance with Local Rule 26-2, so the Court cannot compare those documents with the medical records filed by Defendant. And as Defendant argues, it seems reasonable that any treatment or evaluation that Taylor received in the Department of Corrections after June 2021 would not be reflected in his Allen County Jail records spanning March 2020 to June 2021. (*See* ECF 225 at 5). Notably, Taylor did not file a reply brief to dispute this argument.

Consequently, Taylor has failed to show on this record that sanctions are appropriate against Defendant under Federal Rule of Civil Procedure 37(c). Therefore, Taylor's motion for sanctions will be denied.

## IV. CONCLUSION

For the aforementioned reasons, Taylor's motion for sanctions (ECF 221) is DENIED.

SO ORDERED.

Entered this 31st day of March 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge